United States District Court
Southern District of Texas
**ENTERED**
September 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSEPH ANTHONY REYNA**, Plaintiff, | § | |
| v. | § | Civil Action No. **1:25-cv-278** |
| **AT&T INC.**, *et al.*, Defendants. | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is Joseph Anthony Reyna's "Petition to Perpetuate Testimony and Preserve Evidence" (Reyna's "Petition"). Dkt. No. 1. For the reasons discussed herein, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Reyna's Petition [Dkt No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his Petition, Reyna states he expects to be a party in a future action against Defendants: (1) AT&T Inc.; (2) Palantir Technologies; (3) U.S. Department of Homeland Security; (4) U.S. Immigration and Customs Enforcement; and (5) various "John Doe" defendants[1]. *Id.* Dkt. No. 1 at 12. Reyna claims he needs pre-suit discovery to preserve evidence and to perpetuate testimony from various potential adverse parties in a future lawsuit. *Id.*

[1] Reyna has filed multiple lawsuits in this division seeking pre-suit discovery in anticipation of future litigation. *See, e.g., Reyna et al. v. Exxon Mobile Corporation et al.,* No. 1:25-CV-00194 (S.D. Tex. Jan. 14, 2026); *Reyna v. Space Expl. Tech. Corp.*, No. 1:25-CV-00250 (S.D. Tex. Feb. 4, 2026). hese actions have been dismissed. In the latter case, the Court (Olvera, J.) notified Reyna that it will consider imposing a pre-filing injunction.

## II. LEGAL STANDARDS

### A. Review Under 28 U.S.C. § 1915(e)(2)

The Court may dismiss, sua sponte, a complaint filed in forma pauperis if, at any time, the Court determines that the action is: (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B); *see also Amrhein v. United States*, 740 Fed.Appx. 65, 66 (5th Cir. 2018).

A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim must be facially plausible and "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies." *Graves v. Cain*, 734 Fed.Appx. 914, 915 (5th Cir. 2018) (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). The report and recommendation of a United States Magistrate Judge provides sufficient notice of the Court's intent to dismiss, and the 14-day objections period provides time for a response. *Alexander v. Trump*, 753 Fed.Appx. 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

A pleading by a pro se litigant is liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se filing must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v.*

*Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)). If a claim lacks "an arguable basis either in law or fact," then, a court can dismiss a claim as frivolous. *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Nietzke v. Williams*, 109 S.Ct. 1827, 1831–32 (1989)).

## III. DISCUSSION

To file a petition to perpetuate testimony, the petitioner must comply with the pleading requirements specified in Federal Rule of Civil Procedure 27(a) ("Rule 27(a)"). Petitioner must, for instance, provide "the names or a description of the persons whom the petitioner expects to be a party to an action[…] but cannot presently bring it or cause it to be brought." FED. R. CIV. P. 27(a). Failure to fulfill these requirements is "dispositive" and can be grounds for dismissal for "failure to state a claim." *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981); *see also Turner v. Nationstar Mortg., LLC.*, No. 3:16-CV-501-K-BH, 2016 WL 7223342 (N.D. Tex. Nov. 21, 2016), *report and recommendation adopted*, No. 3:16-CV-501-K, 2016 WL 7210883 (N.D. Tex. Dec. 13, 2016).

Here, Reyna does not provide "the name, address, and expected substance of the testimony of each deponent", as required under Rule 27(a). FED. R. CIV. P. 27(a)(1)(E). Reyna does not specify the facts that he wants to establish through the proposed testimony, nor the reasons it must be perpetuated, as further required by Rule 27(a). FED. R. CIV. P. 27(a)(1)(C). Because Reyna has failed to fulfill the requirements of Rule 27(a), the Court must recommend dismissal of Reyna's Petition; it fails to set forth any claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Reyna's Petition [Dkt No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **10th** day of **September, 2026,** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**